

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                          Case No. 17-16336-DER
                                                Chapter 13
KWASI INCOOM

Debtor(s).

### CONSENT ORDER GRANTING MOTION TO AVOID LIEN OF SECOND MORTGAGE ON 6346 Gray Sea Way, Columbia, Maryland 2104

Having considered debtor's Motion to Avoid Lien (ECF No. 13), and the response filed thereto (ECF No. 14), and it appearing that proper notice has been given, pursuant to 11 U.S.C. § 506 and for the reasons set forth in the cases of *Johnson vs. Asset Management Group, LCC*, 226 B.R. 364 (D. Md. 1998), and in *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009) it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that the Motion is Granted,

**ORDERED,** that the claim of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, as serviced by Franklin Credit Management Corporation (hereinafter "Respondent" or "Creditor") (Claim 1) be and is hereby deemed wholly unsecured; and it is further

**ORDERED,** that at such time as a discharge Order is entered pursuant to 11 U.S.C. § 1328(a) in this case, the lien held in favor of Respondent on the Debtor's real property described

as: **6346 Gray Sea Way, Columbia, Maryland 2104** (the "Property") is avoided and it is further,

**ORDERED,** upon receipt of the Debtor's Chapter 13 discharge and completion of their Chapter 13 Plan, the Order avoiding lien may be requested and obtained by Debtor from the Bankruptcy Court without further notice and recorded at the County Recorder's Office.

**ORDERED** that pursuant to the agreement between Creditor and Debtor, $96,177.33 is hereby allowed as a general unsecured claim amount for purposes of distributions only under the Debtor's plan; and it is further;

**ORDERED**, that allowance of the claim of the Creditor as an unsecured claim pursuant to this order is without prejudice to objection to such claim on other grounds; and it is further,

**ORDERED** that this unsecured claim amount, $96,177.33, was reached via compromise and is relevant to this bankruptcy proceeding only, and shall have no bearing on any future bankruptcy filings, or on this case should the current case be dismissed or converted to a different chapter, or on any actions regarding this loan in any other court or jurisdiction.

**ORDERED**, Respondent shall retain its lien for the full amount due under the subject loan (Creditor's Claim filed May 23, 2017, Claim 1, $173,893.87) should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge; and it is further,

**ORDERED**, Respondent shall retain its lien for the full amount due under the subject loan (Creditor's Claim filed May 23, 2017, Claim 1, $173,893.87) in the event of either the dismissal of the Debtor's Chapter 13 case, or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code; and it is further,

**ORDERED**, in the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the

Debtor's completion of the Chapter 13 plan, Respondent's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale; and it is further,

**ORDERED,** in the event that the property is destroyed or damaged, pursuant to the loan documents, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the loan; and it is further

**ORDERED,** that each party shall bear their own attorney's fees and costs incurred in the present case; and that upon entry of this Order any objections to the Chapter 13 plan by the Creditor are deemed resolved.

**ORDERED,** that this Order applies to any successor in interest of the Creditor.

Agreed:

| /s/ Paul Moran<br>Paul Moran (Bar #19595)<br>Stern & Eisenberg Mid-Atlantic, PC<br>9411 Philadelphia Road, Suite M<br>Baltimore, MD 21237<br>Phone: 410-635-5127<br>pmoran@sterneisenberg.com<br>Attorney for Creditor | Seen and Agreed    7/11/17<br>/s/ Stephen J. Kleeman, Esq.<br>Stephen J. Kleeman<br>Law Offices of Stephen J. Kleeman<br>401 Washington Avenue<br>Suite 800<br>Towson, MD 21204<br>(410) 494-1220<br>Fax : (410) 494-4606<br>Email: barthelaw@gmail.com<br>Attorney for Debtor |
|---|---|

**I HEREBY CERTIFY** that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/____ on this copy represent the signatures of the consenting parties on the original consent order.

/s/ Paul Moran
Paul Moran

CC:   All parties

**END OF ORDER**